UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>HEALTH FORMULAS, LLC, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 2:14-cv-01649-RFB-GWF<br><br>**ORDER**<br><br>Defendants' Motion for Limited Modification of Asset Freeze (ECF No. 21) |

　　　　This matter is before the Court on Defendants' Motion for Limited Modification of the Asset Freeze (ECF No. 21) that has been in place since the Court first entered a Temporary Restraining Order (TRO) against Defendants in its Order entered on October 9, 2014. See ECF No. 12.

　　　　On October 7, 2014, Plaintiff Federal Trade Commission (FTC) filed a Complaint requesting a permanent injunction and other equitable relief against the moving Defendants. ECF No. 1. On the same day, the FTC filed an ex parte motion for a temporary restraining order, including an asset freeze and appointment of a Temporary Receiver, which the Court granted on October 9, 2014. ECF Nos. 5, 12. On October 23, 2014, Defendants Danelle and Jason Miller, Health Formulas, LLC, Pure Vitamins, LLC, LongHorn Marketing, LLC, Method Direct, LLC, Weight Loss Dojo, LLC, VIP Savings, LLC, DJD Distribution, LLC, and MDCC, LLC (hereinafter "Defendants") filed the motion currently before the Court, requesting a limited release of funds for living expenses and attorneys' fees. On November 17, 2014, at a hearing on the Court's Order to Show Cause why a preliminary injunction should not issue (ECF No. 12), the Court informed Defendants that it was unable to grant their request for a modification of the asset freeze because it had not been provided sufficient information regarding the Millers'

finances. See Minutes of Proceedings, ECF No. 66. Specifically, the Court stated (1) that it was not able to account for the difference between the $750,000 earned by the Millers between January and October of 2014 and the approximately $270,000 in estimated expenses during the same period and (2) that it had not been provided with a sworn statement from the Millers that they did not have other (unfrozen) assets available to them, including assets outside of the United States. The Court permitted Defendants to submit a supplemental brief in response to these issues and held a hearing on December 1, 2014.

The Court has considered the parties' briefs and representations heard at oral argument on November 17, 2014, and December 1, 2014. For the reasons stated on the record at the December 1 hearing, and in light of the inherent equitable power of this Court to fashion "provisional remedies ancillary to its authority to provide final equitable relief," Reebok Intern., Ltd. v. Marnatech Enterprises, Inc., 970 F.2d 552, 559 (9th Cir. 1992), the Court finds that there is good cause to order a temporary modification to the asset freeze imposed in this case to permit access to funds for limited amounts of living expenses and attorneys' fees. Defendants' motion is thus GRANTED in part and DENIED in part.

## ORDER

Accordingly,

**IT IS HEREBY ORDERED** that the Temporary Receiver shall disburse $30,000 per month in attorneys' fees to Ifrah PLLC and Snell & Wilmer LLC as compensation for the representation of Defendants, beginning on December 1, 2014. $26,250 of the monthly disbursement shall be allocated to counsel from Ifrah PLLC and $3,750 shall be allocated to counsel from Snell & Wilmer LLC, at the rates quoted in Defendants' Motion for Limited Modification of the Asset Freeze (ECF No. 21). The disbursements shall be drawn from funds held in the accounts of Method Films Inc., and the Temporary Receiver shall have discretion to choose the Method Films account(s) from which it is most appropriate or convenient to withdraw funds.

**IT IS FURTHER ORDERED** that the Temporary Receiver shall disburse a total amount of $60,000 in attorneys' fees to Ifrah PLLC and Snell & Wilmer LLC, in the same

1 proportions and at the same rates as set forth above, as compensation for the representation of
2 Defendants during the months of October and November 2014. The disbursements shall be
3 drawn from funds held in the accounts of Method Films Inc., and the Temporary Receiver shall
4 have discretion to choose the Method Films account(s) from which it is most appropriate or
5 convenient to withdraw funds.

6 **IT IS FURTHER ORDERED** that the Temporary Receiver shall have the authority to
7 make direct bill payments of up to $10,000 per month for **three (3) months** on behalf of
8 Defendants Danelle and Jason Miller. The Temporary Receiver shall also have the authority to
9 make direct bill payments of up to $10,000 per month for past bills incurred during the months of
10 October and November 2014. The Temporary Receiver shall make bill payments using funds
11 held in the Millers' personal accounts at Comerica Bank, which shall remain frozen except for
12 expenditures made by the Temporary Receiver as authorized in this Order. If, as a result of this
13 Order, the funds held in the Millers' personal accounts are depleted such that they drop to $5,000
14 or less, the Temporary Receiver shall begin making bill payments from funds held in the
15 accounts of Method Films Inc. and shall use its discretion to choose those account(s) from which
16 it is most appropriate or convenient to withdraw funds. The Temporary Receiver is authorized to
17 make bill payments for the following expenses:

- The monthly mortgage payment for the Millers' home in Woodland Hills, California;
- Court-ordered child support on behalf of Jason Miller;
- The monthly lease payment for the Millers' Toyota Tundra truck;
- Monthly premium payments for the Millers' health insurance plan purchased through Anthem Blue Cross;
- Monthly premium payments for two life insurance policies, one insuring Jason Miller and one insuring Danelle Miller, purchased through Ameritas Life Insurance Corp.;
- Monthly premium payments for one life insurance policy insuring Jason Miller purchased through AIG; and

- 3 -

- Utilities and other billed expenses, such as car insurance, to the extent they do not exceed the $10,000 total monthly allotment.

The Millers shall submit copies of invoices for the bills described above, including the amounts due, to the Temporary Receiver on or before the **fifteenth (15th) day** of each month that this Order is in effect, with the first date for submitting invoices occurring on December 15, 2014. Upon receiving those invoices, the Temporary Receiver shall immediately make the appropriate payments from the accounts described above, not to exceed total bill payment of $10,000 per month. The Millers shall also have until **December 15, 2014** to submit copies of invoices for past bills incurred during the months of October and November 2014 indicating that those amounts are past due and have not been paid. Upon receiving such invoices for past bills, the Temporary Receiver shall immediately make the appropriate payments from the accounts described above, which also shall not exceed $10,000 per month.

**IT IS FURTHER ORDERED** that the Temporary Receiver shall disburse $1,500 per month directly to Defendants Danelle and Jason Miller using funds held in the Millers' personal accounts at Comerica Bank, which shall remain frozen except for expenditures authorized in this Order, for **three (3) months** beginning on December 1, 2014 for living and personal expenses. Defendants Danelle and Jason Miller shall keep records of all purchases and expenditures made using cash disbursements released to them by the Temporary Receiver and shall submit receipts or other documentation for all purchases or expenditures to the Temporary Receiver **every thirtieth (30th) day** that this Order is in effect. The Temporary Receiver shall not disburse additional funds to the Millers until such documentation has been submitted, with the exception that the first disbursement, which shall occur **on or before December 5, 2014**, shall not require submission of receipts or other documentation. The first disbursement occurring on or before December 5, 2014 shall also include an additional $1,500 disbursement for the month of November 2014. Subsequent disbursements shall occur on the first day of each calendar month that this Order is in effect, provided that the Millers submit proper documentation to the Temporary Receiver, with the final disbursement occurring on February 1, 2015.

/ / /

**IT IS FURTHER ORDERED** that Defendants Danelle and Jason Miller shall turn over to the Temporary Receiver all movable personal possessions listed in Item 17 of Schedule C of their disclosures to the FTC and listed in Attachment G of their Supplemental Brief in Support of the Motion for Limited Modification of Asset Freeze (ECF No. 64), except for their wedding bands, on or before **December 15, 2014**. The Temporary Receiver shall secure—but shall not dispose of—all assets turned over to it by the Millers until further order of this Court.

**IT IS FURTHER ORDERED** that during the three (3) months that this Order is in effect (beginning on December 1, 2014 and ending on February 28, 2015), Defendants Danelle and Jason Miller shall submit documentation to the Temporary Receiver every **thirtieth (30th) day** demonstrating (1) that they have made substantial efforts to obtain lawful employment, or have already done so, and (2) that they have placed their home located in Las Vegas, Nevada, on the market and have made substantial efforts to sell it, or have already done so.

**IT IS FURTHER ORDERED** that Defendants Danelle and Jason Miller shall not transfer, sell, lease, or otherwise dispose of their home located in Woodland Hills, California at any time while this action is still pending before this Court.

**IT IS FURTHER ORDERED** that if Defendants Danelle and Jason Miller come into actual or constructive possession or control of any additional funds or assets not previously disclosed to this Court, the Temporary Receiver and the FTC, they shall immediately and fully disclose such funds or assets to this Court, the Temporary Receiver and the FTC and shall immediately turn over such funds or assets to the Temporary Receiver. This includes, but is not limited to, any funds or assets currently being held abroad and which have not yet been repatriated to the United States, funds derived from the Millers' ownership interest in real property located in Indiana and described as "Main Street House, IN" in Item 17 of Schedule C of their financial disclosures to the FTC, and the sum of $120,000, or any portion of it, which was tendered by Defendants Danelle and Jason Miller for the purpose of purchasing a house in Puerto Rico and described by the Millers in their supplemental brief (ECF No. 64) as currently remaining in Puerto Rico.

/ / /

1    **IT IS FURTHER ORDERED** that the Temporary Receiver shall submit a report to this Court and the FTC on or before the **fifth (5th) day** of each calendar month that this Order is in effect, excluding the first month. The report shall disclose the exact amount spent by the Temporary Receiver to pay the bills of Defendants Danelle and Jason Miller for the previous month, shall note any missing documentation for living and personal expenditures made by the Millers, and shall report to this Court as to the Millers' compliance with this Order.

**IT IS FURTHER ORDERED** that Defendants Danelle and Jason Miller shall submit an accounting of the $6,068,676 in cash distributions and compensation received by the Millers from January 1, 2010 through December 31, 2013, as identified in Tab 10 of the Temporary Receiver's Report (ECF No. 56), to this Court (under seal) and to the FTC by **February 15, 2015**. The Millers are not required to account for the $750,000 received between January 1, 2014 and October 16, 2014, which was already discussed in Defendants' supplemental brief (ECF No. 64).

**DATED** this 4th day of December, 2014.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**