UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>  Plaintiff,<br><br>v.<br><br>HEALTH FORMULAS, LLC, *et al.*,<br><br>  Defendants. | Case No. 2:14-cv-01649-RFB-GWF<br><br>**<u>ORDER</u>**<br><br>Defendants' Second Motion for Limited Modification of Asset Freeze (ECF No. 123) |

   This matter is before the Court on Defendants' Second Motion for Limited Modification of the Asset Freeze (ECF No. 123) that has been in place since the Court first entered a Temporary Restraining Order (TRO) against Defendants in its Order entered on October 9, 2014. <u>See</u> ECF No. 12.

   On October 7, 2014, Plaintiff Federal Trade Commission (FTC) filed a complaint requesting a permanent injunction and other equitable relief against the moving Defendants. ECF No. 1. On the same day, the FTC filed an <u>ex parte</u> motion for a temporary restraining order, including an asset freeze and appointment of a Temporary Receiver, which the Court granted on October 9, 2014. ECF Nos. 5, 12. On December 4, 2014, following a hearing, the Court issued an order modifying the asset freeze for a three-month period. ECF No. 77. Specifically, the Court ordered the Receiver to disburse $30,000 per month in attorneys' fees to Ifrah PLLC and Snell & Wilmer LLC and to disburse $1,500 per month to Defendants Jason and Danelle Miller ("the Millers") for living and personal expenses. <u>Id.</u> The Court also authorized the Receiver to make direct bill payments of up to $10,000 per month for certain specified expenses of the Millers. <u>Id.</u> This order stated that it would expire on February 28, 2014. <u>Id.</u> at 5.

On February 5, 2015, the FTC filed an amended complaint in which it named an additional thirty-four corporate Defendants. ECF No. 114. At a status conference on February 18, 2015, the Millers and the corporate Defendants (together, the "Miller-related Defendants) made an oral motion to extend the order modifying the asset freeze to permit the continued disbursement of funds for living expenses and attorneys' fees. Minutes of Proceedings, ECF No. 121. The Court extended its order for one month with respect to the disbursement of $1,500 for the Millers' personal expenses, but did not extend it for any other payments. Id. On February 23, 2015, the Miller-related Defendants filed a second motion requesting a modification of the asset freeze, in which they essentially requested an extension of the Court's original modification order of December 4, 2014. ECF No. 123.

The Court has considered the parties' briefs and representations heard at the hearing held on this matter on March 23, 2015. At this time, the Court is not convinced that other assets are not available to the Millers or that it would be appropriate to permit the continued expenditure of receivership assets for attorneys' fees for the Miller-related Defendants. For these reasons as well as those stated on the record at the March 23 hearing, and in light of the inherent equitable power of this Court to fashion "provisional remedies ancillary to its authority to provide final equitable relief," Reebok Intern., Ltd. v. Marnatech Enterprises, Inc., 970 F.2d 552, 559 (9th Cir. 1992), the Court finds that there is good cause to order a temporary modification to the asset freeze imposed in this case to permit access to funds for personal expenses, health insurance payments, and child care payments, but not for attorneys' fees. Defendants' motion is therefore GRANTED in part and DENIED in part.

**ORDER**

Accordingly,

**IT IS ORDERED** that the Temporary Receiver shall have the authority to make direct bill payments for **three (3) months** on behalf of Defendants Danelle and Jason Miller for the following expenses only: (1) court-ordered child support on behalf of Jason Miller, and (2) monthly premium payments for the Millers' health insurance plan purchased through Anthem Blue Cross. The

Temporary Receiver shall make these bill payments using funds held in the Millers' personal accounts at Comerica Bank, which shall remain frozen except for expenditures made by the Temporary Receiver as authorized in this Order. If, as a result of this Order, the funds held in the Millers' personal accounts are depleted such that they drop to $5,000 or less, the Temporary Receiver shall begin making bill payments from funds held in the accounts of Method Films Inc. and shall use its discretion to choose those account(s) from which it is most appropriate or convenient to withdraw funds. The Millers shall submit copies of invoices for the bills or expenses described above, including the amounts due, to the Temporary Receiver on or before the **fifteenth (15th) day** of each month that this Order is in effect, with the first date for submitting invoices occurring on **April 15, 2015**. Upon receiving those invoices, the Temporary Receiver shall immediately make the appropriate payments from the accounts described above.

**IT IS FURTHER ORDERED** that the Temporary Receiver shall disburse $1,500 per month directly to Defendants Danelle and Jason Miller using funds held in the Millers' personal accounts at Comerica Bank, which shall remain frozen except for expenditures authorized in this Order, for **three (3) months** beginning on April 1, 2015 for living and personal expenses. Defendants Danelle and Jason Miller shall keep records of all purchases and expenditures made using cash disbursements released to them by the Temporary Receiver and shall submit receipts or other documentation for all purchases or expenditures to the Temporary Receiver on or before the **twenty-fifth (25th) day** of each month that this Order is in effect, with the first date for submitting documentation occurring on **April 25, 2015**. If the Millers have complied with this requirement, the Temporary Receiver shall disburse funds on the first day of each month that this Order is in effect, with the final disbursement under this Order occurring on June 1, 2015. The requirement that the Millers provide documentation of their purchases to the Temporary Receiver also applies to the first disbursement occurring on April 1, 2015; in order to receive this disbursement, the Millers must submit documentation relating to purchases made using the funds that were disbursed on March 1, 2015.

**IT IS FURTHER ORDERED** that during the three (3) months that this Order is in effect (beginning on April 1, 2015 and ending on June 30, 2015), Defendants Danelle and Jason Miller

1  shall submit documentation to the Temporary Receiver on the **twenty-fifth (25th) day** of each
2  month demonstrating their efforts towards obtaining lawful employment.

3  **IT IS FURTHER ORDERED** that Defendants Danelle and Jason Miller shall obtain the
4  permission of the Temporary Receiver before transferring, selling, leasing, or otherwise disposing
5  of (or attempting to do the same) any real or personal property in their possession that they have
6  not already turned over to the Temporary Receiver, including their home located in Woodland
7  Hills, California.

8  **IT IS FURTHER ORDERED** that if Defendants Danelle and Jason Miller come into
9  actual or constructive possession or control of any additional funds or assets not previously
10 disclosed to this Court, the Temporary Receiver and the FTC, they shall immediately and fully
11 disclose such funds or assets to this Court, the Temporary Receiver and the FTC and shall
12 immediately turn over such funds or assets to the Temporary Receiver. This includes, but is not
13 limited to, any funds or assets currently being held abroad and which have not yet been repatriated
14 to the United States, funds derived from the Millers' ownership interest in real property located in
15 Indiana and described as "Main Street House, IN" in Item 17 of Schedule C of their financial
16 disclosures to the FTC, and the sum of $120,000, or any portion of it, which was tendered by
17 Defendants Danelle and Jason Miller for the purpose of purchasing a house in Puerto Rico and
18 described by the Millers in their supplemental brief (ECF No. 64) as currently remaining in Puerto
19 Rico.

20 **IT IS FURTHER ORDERED** that the Temporary Receiver shall submit a report to this
21 Court and the FTC on or before the **fifth (5th) day** of each calendar month that this Order is in
22 effect, excluding the first month. The report shall disclose the exact amount spent by the
23 Temporary Receiver to pay the bills of Defendants Danelle and Jason Miller for the previous
24 month, shall note any missing documentation for living and personal expenditures made by the
25 Millers, and shall report to this Court as to the Millers' compliance with this Order.
26 / / /
27 / / /
28 / / /

- 4 -

**IT IS FURTHER ORDERED** that the Court does not authorize the expenditure of any funds under the control of the Temporary Receiver as payment for counsel for the Miller-related Defendants at this time. The Temporary Receiver shall submit its position with respect to whether the Court should authorize such an expenditure by April 6, 2015.

**IT IS FURTHER ORDERED** that the modifications to the asset freeze described in this Order shall take effect on April 1, 2015 and shall expire on June 30, 2015.

DATED this 25th day of March, 2015.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**