JONATHAN E. NUECHTERLEIN
General Counsel

SHAMEKA L. WALKER
swalker@ftc.gov
DANIELLE ESTRADA
destrada@ftc.gov
MELISSA DICKEY
mdickey@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, NW, CC-8528
Washington, DC 20580
202-326-2570 (Walker)
202-326-2630 (Estrada)
202-326-2662 (Dickey)
202-326-3395 (Fax)

BLAINE T. WELSH
blaine.welsh@usdoj.gov
Assistant United States Attorney
Nevada Bar No. 4790
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, NV 89101
702-388-6336
702-388-6787 (Fax)

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　Plaintiff,<br><br>v.<br><br>HEALTH FORMULAS, LLC, *et al.*,<br><br>　　　Defendants. | Case No. 2:14-cv-1649-RFB-GWF<br><br>**CONSENT MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER** |

Plaintiff Federal Trade Commission ("FTC") hereby moves this Court for entry of the accompanying proposed agreed protective order ("Agreed Protective Order"). All defendants and the temporary receiver appointed by the Court in this case consent to the entry of this Agreed Protective Order.

In support of this Consent Motion, the FTC states as follows:

1. The parties seek a protective order to ensure that trade secrets, confidential research, development, or commercial information, and sensitive personal information, including Social Security numbers, passport numbers, and sensitive health data, in this matter will remain confidential and secure.

2. The Agreed Protective Order provides, among other things, that all parties shall keep trade secrets, confidential research, development, or commercial information, and sensitive personal information, secure and shall only use such materials for the litigation of the above-captioned case.

3. The Agreed Protective Order is reasonable and necessary to prevent dissemination of confidential commercial information and sensitive personal information that could be used for wrongful purposes, including identity theft. Accordingly, the Agreed Protective Order is warranted pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

4. All of the parties agree that the Agreed Protective Order should be entered. The CSC Defendants[1] consented to the entry of the Agreed Protective Order on June

---

[1] Defendants Chapnick, Smukler, & Chapnick, Inc., Brandon Chapnick, and Keith Smukler (collectively, the "CSC Defendants").

2, 2015.  The Miller Defendants[2] consented to the entry of the Agreed Protective Order on June 3, 2015.  The temporary receiver consented to the entry of the Agreed Protective Order on June 4, 2015.

Based on the foregoing, the FTC respectfully requests that the Court enter the accompanying Agreed Protective Order.

Dated: June 4, 2015.                                        Respectfully submitted,

/s/Melissa L. Dickey
SHAMEKA L. WALKER
DANIELLE ESTRADA
MELISSA L. DICKEY
Federal Trade Commission
600 Pennsylvania Avenue N.W.
Mail Stop CC-8528
Washington, D.C. 20580
(202) 326-2570 (Walker)
(202) 326-2630 (Estrada)
(202) 326-2662 (Dickey)
(202) 326-3395 (facsimile)
swalker@ftc.gov
destrada@ftc.gov
mdickey@ftc.gov

---

[2] Defendants Health Formulas, LLC; Pure Vitamins, LLC; Longhorn Marketing, LLC; Method Direct, LLC; Weight Loss Dojo, LLC; VIP Savings, LLC; DJD Distribution, LLC; MDCC, LLC; 458 Media LLC; Alpha Brands, LLC; Blu Stella, LLC; Brilliant Skin LLC; Discount Provisions L.L.C.; Extamax, LLC; F12 Media LLC; Flex Formulas, LLC; GCB Marketing LLC; Luminous Skin LLC; Men's Health Formulas, LLC; Metabolic Labs, LLC; Miracle Male, LLC; Moringa Marketing LLC; Northbound Marketing LLC; Skinny 7 LLC; Wellness Labs, LLC; Yacon Marketing LLC; Barrel Roll, LLC; BSC Marketing, LLC; Cherry Hill Marketing, LLC; CSA Ventures, LLC; Diet Concepts, LLC; Health Products Direct LLC; KMS Marketing LLC; Natural Products Direct LLC; Northern Health Products LLC; Pure and Natural Health Products LLC; Pure and Simple Health Products LLC; Radiant Skin LLC; Shimmering Skin LLC; Tindy Films LLC; Wellness Products, LLC; Method Films, Inc.; Danelle Miller; and Jason Miller (collectively, the "Miller Defendants").

3

**Certificate of Service**

I hereby certify that on June 4, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send a notice of electronic filing to all counsel of record.

Date: June 4, 2015                                         /s/ Melissa L. Dickey
                                                                    MELISSA L. DICKEY

JONATHAN E. NUECHTERLEIN
General Counsel

DANIELLE ESTRADA
destrada@ftc.gov
MELISSA DICKEY
mdickey@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, NW, CC-8528
Washington, DC 20580
202-326-2630 (Estrada)
202-326-2662 (Dickey)
202-326-3395 (Fax)

BLAINE T. WELSH
blaine.welsh@usdoj.gov
Assistant United States Attorney
Nevada Bar No. 4790
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, NV 89101
702-388-6336
702-388-6787 (Fax)

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Civil Action No. 2:14-cv-01649-RFB-GWF |
| Plaintiff, | |
| v. | **AGREED PROTECTIVE ORDER** |
| HEALTH FORMULAS, LLC, *et al.*, | |
| Defendants. | |

1

The Court enters this protective order pursuant to Fed. R. Civ. P. 26(c).

1. An attorney marking material as "Confidential Material" certifies in good faith that it contains (a) Sensitive Personal Information, or (b) trade secret(s) or other confidential research, development, or commercial information.

2. "Sensitive Personal Information" means any (a) Social Security number; (b) sensitive health-related data including medical records; (c) biometric identifier; or (d) any one or more of the following when combined with an individual's name, address, or phone number: (i) date of birth, (ii) driver's license or other state identification number, or a foreign equivalent, (iii) military identification number, (iv) passport number, (v) financial institution account number, (vi) credit or debit card number; or (e) other sensitive information relating to an individual entitled to confidential status under applicable law, by order of this Court, or by agreement of the parties.

3. Confidential Material must be designated as follows:

   a. Mark paper materials "CONFIDENTIAL." If paper material is only confidential in part, mark only the portions of the material that are confidential.

   b. Mark electronic materials "CONFIDENTIAL" by marking each electronic page or subpart that is confidential. If the electronic material cannot be marked by page or subpart, the designee shall meet and confer with the recipient to determine a means to delineate the confidential material. Also mark the electronic storage medium, as well as any electronic file and folder name CONFIDENTIAL.

   c. Designate deposition transcripts as Confidential Material within 10 days of receipt of the final transcript by identifying the specific page(s) and line number(s) that are confidential. If testimony is identified as confidential during a deposition, absent agreement on the scope of confidentiality, the entire transcript shall be treated as confidential until the time for designation expires.

4. An inadvertent failure to mark Confidential Material prior to disclosure does not preclude a subsequent designation, but no prior disclosure of newly designated Confidential Material by a recipient shall violate this Order.

5. Within ten (10) days of a written objection to the designation of Confidential Material, the designating party must move the Court to uphold the designation. The burden of proving that the designation is proper is on the designating party. Failure to seek timely an order upholding the designation terminates confidential treatment.

6. Confidential Material, and any information copied or extracted therefrom, may only be disclosed to:

    a. the Court and court personnel;

    b. the parties' outside counsel and designated employees only to the extent necessary to assist in the litigation;

    c. the Temporary Receiver appointed by the Court, and its employees, provided that each employee agree in writing to abide by this protective order;

    d. experts and contractors consulted or retained by the parties or counsel, and their employees, provided that they agree in writing to abide by this protective order or execute FTC Form X33-Nondisclosure Agreement for Contractors;

    e. any person who had prior access to the Confidential Material or participated in a communication that is the subject of the Confidential Material; and

    f. witnesses and their counsel, provided that they agree in writing to abide by this protective order.

7. Disclosure of confidential material or any information copied or extracted therefrom to any person described in Paragraph 6 shall be only for the purposes of the preparation and hearing of this proceeding, or any appeal, therefrom, and for no other purpose whatsoever. Provided, however, that the Commission may, subject to taking appropriate steps to

preserve the confidentiality of such material, use or disclose confidential material as provided by its Rules of Practice; sections 6 and 21 of the Federal Trade Commission Act; or any other legal obligation imposed upon the Commission.

8. Confidential Material shall only be filed with a motion to seal the material, unless the party introducing the material provides the designee notice of its intention to publicly file the material at least 14 days in advance of filing to provide an opportunity for the designee to seek further protection from the Court. If the designee seeks protection within the 14 days, the materials may only be filed with a motion to seal until the Court has ruled on the designee's request.

9. At the conclusion of this case, any consultant or other person retained to assist counsel in the preparation of this action shall destroy or return all Confidential Materials and any other materials containing confidential information. All Confidential Materials held by the parties shall be destroyed or returned to the designee, except that the FTC shall retain, return, or destroy Confidential Materials in accordance with Rule 4.12 of the FTC's Rules of Practice.

10. This Order continues to govern Confidential Information after conclusion of the case absent further order of the Court.

11. The terms of this Protective Order are applicable to information produced by a Party or Non-Party in this action and designated as "CONFIDENTIAL."

12. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided herein. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

13. The provisions of this order governing disclosure and use of the documents by the defendants shall not terminate at the conclusion of this case. The obligation in this order to protect materials containing Confidential Information shall continuously bind all defendants and persons described in Paragraph 6.

**IT IS SO ORDERED:**

_George Foley Jr._
THE HONORABLE GEORGE FOLEY, JR
UNITED STATES MAGISTRATE JUDGE

DATED: June 5, 2015