# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> HEALTH FORMULAS, LLC, *et al.*, <br><br> Defendants. | Case No. 2:14-cv-01649-RFB-GWF <br><br> **ORDER** <br><br> Defendants' Third Motion for Limited Modification of Asset Freeze (ECF No. 155) |

## I. INTRODUCTION

This matter is before the Court on Defendants Danelle Miller and Jason Miller's Third Motion for Limited Modification of the Asset Freeze (ECF No. 155) that has been in place since the Court first entered a Temporary Restraining Order (TRO) against Defendants on October 9, 2014. See ECF No. 12. For the reasons stated below, Defendants' motion is denied.

## II. BACKGROUND

On December 4, 2014, following a hearing, the Court issued an order modifying the asset freeze for a three-month period. ECF No. 77. Specifically, the Court ordered the Receiver to disburse $30,000 per month in attorneys' fees to Ifrah PLLC and Snell & Wilmer LLC and to disburse $1,500 per month to Defendants Jason and Danelle Miller ("the Millers") for living and personal expenses. Id. The Court also authorized the Receiver to make direct bill payments of up to $10,000 per month for certain specified expenses of the Millers. Id. This Order expired on February 28, 2014. Id. at 5. At a status conference on February 18, 2015, the Millers and the corporate Defendants (together, the "Miller-related Defendants") made an oral motion to extend the order modifying the asset freeze to permit the continued disbursement of funds for living expenses and attorneys' fees. Minutes of Proceedings, ECF No. 121. The Court extended its Order

for one month with respect to the disbursement of $1,500 for the Millers' personal expenses, but did not extend it for any other payments. Id.

On February 23, 2015, the Miller-related Defendants filed a second motion requesting a modification of the asset freeze, in which they essentially requested an extension of the Court's original modification order of December 4, 2014. ECF No. 123. On March 25, 2015, following a hearing, the Court entered an Order granting that motion in part and denying it in part. ECF No. 138. The Court found good cause to permit a continued release of funds for personal expenses, health insurance payments, and child care payments, but not for attorneys' fees. Id. at 2. That Order expired on June 30, 2015. Id. at 3.

On May 6, 2015, the Court entered a Preliminary Injunction Order against the Defendants named in the FTC's original Complaint. ECF No. 149. In its Preliminary Injunction Order, the Court concluded that the FTC was likely to succeed on the merits of its claims against Defendants and that the Millers were subject to personal liability for both injunctive and monetary relief for Defendants' alleged violations of the FTC Act and other provisions of federal law. Id. The Court also maintained the asset freeze and temporary receivership initially ordered in the TRO. Id.

On June 15, 2015, the Millers filed the motion currently before the Court. ECF No. 155. In their motion, the Millers request that the Court grant a three-month extension of its March 25, 2015 Order to permit the continued release of frozen funds for the Millers' living expenses, child support payments, and health insurance payments.

### III.     LEGAL STANDARD

Section 13(b) of the FTC Act "gives the federal courts broad authority to fashion appropriate remedies for violations of the Act," which includes "the authority to grant any ancillary relief necessary to accomplish complete justice." F.T.C. v. Pantron I Corp., 33 F.3d 1088, 1102 (9th Cir. 1994) (citations omitted) (internal quotation marks omitted). This authority to grant ancillary relief encompasses equitable powers such as the ordering of restitution, id., and the freezing of assets, Reebok Intern., Ltd. v. Marnatech Enters., Inc., 970 F.2d 552, 560 (9th Cir. 1992); see also F.T.C. v. H.N. Singer, Inc., 668 F.2d 1107, 1112 (9th Cir. 1982) (district courts

have authority to freeze assets where necessary to preserve the possibility of future relief, if the relief is of a kind the court has the power to give). The decision whether to freeze assets is within the discretion of the district court. <u>Reebok Intern.</u>, 970 F.2d at 563; <u>S.E.C. v. Hickey</u>, 322 F.3d 1123, 1132 (9th Cir. 2003). Before issuing such an order, however, a court must find a likelihood that the assets will be dissipated or that monetary damages will otherwise not be recoverable. <u>Johnson v. Couturier</u>, 572 F.3d 1067, 1086 (9th Cir. 2009).

**IV.   DISCUSSION**

After review of the parties' briefs and the evidence submitted in connection with the various motions requesting modifications of the asset freeze, the Court denies the Millers' request for a third release of funds because it is not persuaded that other funds are not available to them.

As it stated in its Temporary Restraining Order and Preliminary Injunction Order, the Court has found that the asset freeze is necessary to preserve the possibility of future relief because there is a likelihood of dissipation of resources absent a freeze. TRO at 4, ECF No. 12; Tr. of Mot. Hrg. 11:21-25, 12:1-4, Nov. 25, 2014, ECF No. 72; Prelim. Inj. Order at 33, ECF No. 149. At the hearing on the Millers' second motion requesting a temporary modification of the asset freeze, held on March 23, 2015, the Court stated that it was not convinced that the Millers did not have other funds available to them, particularly given that the accounting submitted by the Millers showed that they received over $200,000 in "pocket cash" from 2010 to 2014—income that was listed separately from their other itemized expenses (and therefore was not spent to cover costs such as mortgage payments, food, home maintenance, car payments, or savings contributions, among other expenses). ECF No. 118 at 431.

The Court remains unpersuaded that the Millers do not have other funds available to them at this time. While the Millers state that they do not have an alternate source of "pocket cash," they have not provided documentation of when or how those funds were spent, or how much may potentially remain available to them.

The Court therefore finds that the Millers have not demonstrated that the funds currently frozen are the only funds available to them to pay for living expenses, child support, and health

insurance. Given the Court's finding that the asset freeze is necessary to prevent the dissipation of assets and that there are insufficient funds in the receivership estate to cover potential restitution payments, the Court denies the Millers' request for an extension of its Order releasing funds for those expenses.

The Court further finds that it has provided the Millers with more than sufficient time to be able to obtain employment and/or some form of public assistance to address any personal or familial needs. Previously, the Court exercised its discretion to assist them in this period of transition. The Millers have had sufficient time to make arrangements and the Court will not exercise its discretion to extend additional assistance from the funds that could be used to repay victims of the alleged wrongdoing in this case.

V.   **CONCLUSION**

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendants Danelle Miller and Jason Miller's Motion for Limited Modification of Preliminary Injunction to Permit Access to Funds for Basic Living Expenses (ECF No. 155) is DENIED WITHOUT PREJUDICE.

**DATED**: August 3, 2015.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**