UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CHAPNICK, SMUKLER & CHAPNICK, INC., a corporation;<br><br>BRANDON CHAPNICK, individually and as an officer or manager of Chapnick, Smukler & Chapnick, Inc., Method Direct, LLC, Pure Vitamins, LLC, Weight Loss Dojo, LLC, and MDCC, LLC; and<br><br>KEITH SMUKLER, individually and as an officer or manager of Chapnick, Smukler & Chapnick, Inc., Health Formulas, LLC, Method Direct, LLC, VIP Savings, LLC, MDCC, LLC, Longhorn Marketing, LLC, Pure Vitamins, LLC, Weight Loss Dojo, LLC, and DJD Distribution, LLC,<br><br>Defendants. | Case No. 2:14-cv-01649-RFB-GWF<br><br>STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT REGARDING DEFENDANTS CHAPNICK, SMUKLER & CHAPNICK, INC., BRANDON CHAPNICK, AND KEITH SMUKLER |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief, subsequently amended as Amended Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"), for a permanent injunction and other equitable relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b. The Commission and Defendants Chapnick, Smukler & Chapnick, Inc., Brandon Chapnick, and Keith Smukler stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment

regarding Defendants Chapnick, Smukler & Chapnick, Inc., Brandon Chapnick, and Keith Smukler ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## **FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive acts or practices in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) & 52; Section 907(a) of the Electronic Fund Transfer Act, 15 U.S.C. § 1693e(a); Section 4 of the Restore Online Shoppers' Confidence Act, 15 U.S.C. § 8403; Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b); and the FTC's Trade Regulation Rule entitled Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, in connection with the deceptive labeling, advertising, marketing, promotion, offering for sale, or sale of a variety of dietary supplements, skin creams, and upsell products.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.  "**Charge**" includes causing billing information to be submitted for payment, including against the consumer's credit card, debit card, bank account, phone bill, or other account, or otherwise attempting to collect money or other consideration.

B.  "**Clear(ly) and Conspicuous(ly)**" means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

    1.  In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented.  In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication, even if the representation requiring the disclosure is made in only one means.

    2.  A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

    3.  An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

    4.  In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

    5.  On a product label, the disclosure must be presented on the principal display panel.

    6.    The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

    7.    The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

    8.    The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

    9.    When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

C.    **"Corporate Defendant"** means Chapnick, Smukler & Chapnick, Inc., and its successors, assigns, affiliates, and subsidiaries.

D.    **"Defendants"** means all of the Individual Defendants and the Corporate Defendant, individually, collectively, or in any combination.

E.    **"Individual Defendants"** means Brandon Chapnick and Keith Smukler.

F.    **"Negative Option feature"** means, in an offer or agreement to sell or provide any good or service, a provision under which the consumer's silence or failure to take an affirmative action to reject a good or service or to cancel the agreement is interpreted by the seller or provider as acceptance or continuing acceptance of the offer or agreement.

G.    **"Outbound Telephone Call"** means a telephone call initiated by a Telemarketer to induce the purchase of goods or services or to solicit a charitable contribution.

H.    **"Person"** means a natural person, organization, or other legal entity, including a corporation, limited liability company, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

I. **"Receiver"** means the receiver appointed in Section XIV of the Stipulated Preliminary Injunction as to Defendants Chapnick, Smukler & Chapnick, Inc., Brandon Chapnick and Keith Smukler and any deputy receivers that shall be named by the receiver.

J. **"Telemarketer"** means any Person who, in connection with Telemarketing, initiates or receives telephone calls to or from a customer or donor.

K. **"Telemarketing"** means any plan, program, or campaign which is conducted to induce the purchase of goods or services by use of one or more telephones, and which involves a telephone call, whether or not covered by the TSR.

L. **"Upsell"** means a solicitation for the purchase of any good or service following an initial transaction during a single telephone call.

## ORDER

### I. BAN ON NEGATIVE OPTION SALES

IT IS ORDERED that Defendants are permanently restrained and enjoined from advertising, marketing, promoting, or offering for sale any good or service with a Negative Option feature, whether directly or through an intermediary, including by consulting, planning, participating, facilitating or advising, ***provided***, however, that:

A. to the extent Defendants offer business management or accounting services for clients in the entertainment industry, Defendants may make recurring charges against said client's bank account to collect an agreed-upon retainer fee or other fee equal to a percentage of the client's income, provided that such charges and any terms and conditions relating thereto are reflected in a Clear and Conspicuous manner in a written retainer agreement signed by the client.

### II. BAN ON SALES OF DIETARY SUPPLEMENTS

IT IS FURTHER ORDERED that Defendants are permanently restrained and enjoined from advertising, marketing, promoting, or offering for sale, or assisting in the advertising, marketing, promoting, or offering for sale of any dietary supplements.

## III. PROHIBITED BUSINESS ACTIVITIES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from:

A. Before a customer consents to pay for such good or service, failing to disclose, or assisting others in failing to disclose, in a Clear and Conspicuous manner, expressly or by implication, all material terms and conditions of any offer, including:

    1. the total cost or price of the good or service;

    2. the amount, timing, and manner of all fees, charges, or other amounts that a consumer will be charged or billed, including but not limited to the date of the charge and whether it will be a credit card charge or checking account debit; and

    3. the mechanism for consumers to stop a charge.

B. Before a customer consents to pay for such good or service, failing to disclose, or assisting others in failing to disclose, in a Clear and Conspicuous manner, expressly or by implication, all material terms and conditions of any refund and cancellation policy, including:

    1. the specific steps and means by which such requests must be submitted;

    2. the customer service telephone number or numbers that a customer must call to cancel and return goods or services;

    3. the email address, web address, or street address to which such requests must be directed;

    4. any mechanism that customers must use to return any goods or services, including any requirement for specific tracking methods or delivery confirmation for a package;

     5.    if there is any policy of not making refunds or cancellations, including any requirement that a product will not be accepted for return or refund unless it is unopened and in re-sellable condition, a statement regarding this policy; and

     6.    the duration of Defendants' refund and cancellation policy, including the date that it begins to run.

C.    Misrepresenting, or assisting others in misrepresenting, expressly or by implication, any fact material to consumers concerning any good or service, such as:

     1.    that a good or service is free, a bonus, a gift, a trial, without cost, or without obligation;

     2.    that consumers can obtain a good or service for a minimal processing, service, or administrative fee with no further obligation;

     3.    that a purchase is "risk free," or offered with a satisfaction guarantee or with a money-back guarantee;

     4.    the total cost for any good or service;

     5.    the timing or manner of any charge or bill, including but not limited to the date of the charge and whether it will be a credit card charge or checking account debit;

     6.    any material restrictions, limitations, or conditions to purchase, receive, or use any good or service;

     7.    that a transaction has been authorized by a consumer;

     8.    any material aspect of the performance, efficacy, nature, or central characteristics of a good or service; or

     9.    any material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for any good or service.

## IV. PROHIBITIONS AGAINST DECEPTIVE AND ABUSIVE TELEMARKETING PRACTICES

IT IS FURTHER ORDERED that Defendants and Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with Telemarketing, are hereby permanently restrained and enjoined from engaging in, causing others to engage in, or assisting other Persons to engage in, any of the following practices:

A.     initiating, or assisting others in initiating, any Outbound Telephone Call to a Person when that Person has previously stated that he or she does not wish to receive an Outbound Telephone Call made by or on behalf of Defendants; or

B.     violating, or assisting others in violating, the TSR, 16 C.F.R. Part 310, a copy of which is attached as **Attachment A**.

## V. MONETARY JUDGMENT AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

A.     Judgment in the amount of One Hundred Five Million Dollars ($105,000,000) is entered in favor of the Commission against Individual Defendants and Corporate Defendant, jointly and severally, as equitable monetary relief.

B.     Defendants are ordered to pay to the Commission Five Hundred Forty Six Thousand Eight Hundred Fifty Six Dollars ($546,856) and the funds held in Defendant Brandon Chapnick's Fidelity Investments account ending in 9804 (valued at approximately One Hundred Seventeen Thousand Five Hundred Five Dollars ($117,505)), such payment to be made in the following manner:

   1.     Defendant Brandon Chapnick is ordered, within seven (7) days of entry of this Order, to pay to the Commission Nine Thousand Four Hundred Thirty Three Dollars ($9,433);

2. The Receiver is ordered, within seven (7) days of entry of this Order, to transfer to the Commission the funds held in account numbers ending in x5265, x6133, and x7396 in the name of CSC;

3. The Receiver is ordered, within seven (7) days of the termination of the Receivership estate, to transfer to the Commission the funds held in account number ending in x0299 in the name of CSC;

4. Comerica Bank and/or Comerica Bank & Trust National Association are ordered, within seven (7) days of entry of this Order, to transfer to the Commission the funds held in account numbers ending in x5182 and x5560 in the name of JMD Financial, Inc.;

5. Comerica Bank and/or Comerica Bank & Trust National Association are ordered, within seven (7) days of entry of this Order, to transfer to the Commission the funds held in account numbers ending in x2633, x4558, and x6103 in the name of Brandon & Risa Chapnick Family Trust;

6. Comerica Bank and/or Comerica Bank & Trust National Association are ordered, within seven (7) days of entry of this Order, to transfer to the Commission the funds held in account numbers ending in x9178 in the name of Clark & Addison, Inc.;

7. Fidelity Investments is ordered, within seven (7) days of entry of this Order, to liquidate the securities held in a Fidelity Investments account ending in x9804 in the name of Brandon & Risa Chapnick Family Trust and to transfer the proceeds to the Commission;

Such payment must be made by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission. Upon such payment, the remainder of the judgment is suspended, subject to the Subsections below.

C. The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial

statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

    1.    the Financial Statement of Individual Defendant Brandon Chapnick signed on September 24, 2015, including the attachments;

    2.    the Financial Statement of Individual Defendant Keith Smukler signed on September 4, 2015, including the attachments;

    3.    the Financial Statement of Corporate Defendant Chapnick, Smukler & Chapnick, Inc. signed by Keith Smukler, Secretary, on September 3, 2015, including the attachments;

    4.    the additional documentation submitted by letter from Defendants' counsel Adam Pines to Commission counsel dated October 21, 2014, October 24, 2014, November 11, 2014, January 27, 2015, February 19, 2015, March 4, 2015, June 5, 2015, June 16, 2015, September 4, 2015, September 10, 2015, and September 24, 2015; and

    5.    the additional documentation submitted by email from Defendants' counsel Adam Pines to Commission counsel dated October 29, 2014, February 10, 2015, February 11, 2015, February 17, 2015, March 27, 2015, April 2, 2015, April 21, 2015, April 24, 2015, June 17, 2015, August 13, 2015, September 17, 2015, and September 25, 2015.

D.    The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

E.    If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection (A) above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any

1  payment previously made pursuant to this Section, plus interest computed from the date of entry
2  of this Order.

## VI. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.   Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.   Defendants relinquish dominion and all legal and equitable right, title, and interest in all of the remaining corporate entities named as defendants in this case, other than Chapnick, Smukler & Chapnick, Inc., and their successors, assigns, affiliates, and subsidiaries, including all entities (domestic or foreign) holding payment processing accounts used by the remaining corporate entities named as defendants in this case and their successors, assigns, affiliates, and subsidiaries, for which the Individual Defendants served as managers or other principals, and their assets, and may not seek the return of any interest in those corporate entities or their assets. Further, Defendants will not raise any objection to the transfer of any assets held by said entities, including any funds held in payment processing reserve accounts.

C.   The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

D.   The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

E.   Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants previously submitted to the

Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

F. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

G. The existing asset freeze in the case is modified to permit the payments identified in the Monetary Judgment Section (Section V). Upon completion of those payments, the asset freeze is dissolved as to the Individual Defendants, the Corporate Defendant, Clark & Addison, Inc., JMD Financial, Inc., the Chapnick Family Trust Dated February 20, 2004, Risa Chapnick, Lily Chapnick, Samuel Chapnick, Boutique Publicity, Erin Smukler, Marcia Chapnick, the Survivor's Trust Created under the Chapnick Family Trust Dated June 30, 1992, the Bypass Trust created under the Chapnick Family Trust Dated June 30, 1992, Bernard Smukler, Linda Smukler, Mamanon, LLC, and Silver Valley Investments, Inc.

## VII. CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

1  A.    failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. Defendants represent that they have provided this redress information to the Commission. If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days.

B.    disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the sale of dietary supplements, skin creams, or Upsell products; and

C.    failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

***Provided***, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

### VIII. COOPERATION

IT IS FURTHER ORDERED that Chapnick, Smukler & Chapnick, Inc., Brandon Chapnick, and Keith Smukler must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Such Defendants must provide truthful and complete information, evidence, and testimony. Such Individual Defendants must appear and such Corporate Defendants must cause Defendants' officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 10 days written notice, or other reasonable notice, at

such places and times as a Commission representative may designate, without the service of a subpoena. Such Defendants also must fully cooperate with representatives of the Receiver in this case.

## IX. RECEIVERSHIP TERMINATION

IT IS FURTHER ORDERED that the Receiver must complete all duties with respect to Chapnick, Smukler & Chapnick, Inc. within sixty (60) days after entry of this Order, but any party or the Receiver may request that the Court extend the Receiver's term with respect to such Defendants for good cause.

## X. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 10 years after entry of this Order, each Individual Defendant, for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and the Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in the conduct specified in Sections III-IV; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting (Section XI). Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XI. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

    1. Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

    2. Additionally, each Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email, and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 10 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.      Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.      Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious names, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.      Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Chapnick, Smukler & Chapnick, X150015.

## XII. RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendant in connection with the sale of any goods or services involving a Negative Option feature or Upsell, in connection with Telemarketing, or in connection with the sale of any goods or services over the internet, and each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.  accounting records showing the revenues from all goods or services sold;

B.  personnel records showing, for each Person providing services, whether as an employee or otherwise, that Person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.  records of all consumer complaints and refund requests concerning the subject matter of the Order, whether received directly or indirectly, such as through a third party, and any response;

D.  all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.  a copy of each contract with suppliers, payment processors, advertisers or advertising agencies, affiliate marketing brokers, and consumer list brokers.

## XIII. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A.  Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information,

which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.   For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Each Defendant may have counsel present for any such communication. Defendants must permit representatives of the Commission to interview any employee or other Person affiliated with any Defendant who has agreed to such an interview. The Person interviewed may have counsel present.

C.   The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.   Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

### XIV. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this** 16th **day of** February_____, 2016.

_____
THE HONORABLE RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

SO STIPULATED AND AGREED:

| FOR THE PLAINTIFF FEDERAL TRADE COMMISSION | FOR DEFENDANTS |
|---|---|
| *Danielle Estrada* (signature) | *Adam Pines* (signature) |
| Danielle Estrada | Adam Pines |
| Melissa Dickey | Manatt, Phelps & Phillips, LLP |
| Federal Trade Commission | 11355 W. Olympic Boulevard |
| 600 Pennsylvania Ave, NW CC-8528 | Los Angeles, CA 90064 |
| Washington, DC 20580 | (310) 312-4322 (telephone) |
| Tel. (202) 326-2630 | (310) 914-5820 (facsimile) |
| Fax (202) 326-3395 | apines@manatt.com |
| destrada@ftc.gov | |

Date: 12/22/15                    Date: 10/19/15

**DEFENDANTS:** Chapnick, Smukler & Chapnick, Inc., Keith Smukler, and Brandon Chapnick

_____     Oct 19, 2015
Brandon Chapnick, Individually and as an     Date
officer or manager of Chapnick, Smukler
& Chapnick, Inc., Method Direct, LLC,
Pure Vitamins, LLC, Weight Loss Dojo,
LLC, and MDCC, LLC

_____     10/19/15
Keith Smukler, Individually and as an     Date
officer or manager of Chapnick, Smukler
& Chapnick, Inc., Health Formulas, LLC,
Method Direct, LLC, VIP Savings, LLC,
MDCC, LLC, Longhorn Marketing, LLC,
Pure Vitamins, LLC, Weight Loss Dojo,
LLC, and DJD Distribution, LLC