SHLOMO S. SHERMAN (Nev. SBN 009688)
  ssherman@klnevada.com
KOLESAR & LEATHAM, CHTD.
400 South Rampart Boulevard, Suite 400
Las Vegas, NV 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472

GARY OWEN CARIS (CA SBN 088918)
  gcaris@diamondmccarthy.com
LESLEY ANNE HAWES (CA SBN 117101)
  lhawes@diamondmccarthy.com
DIAMOND McCARTHY LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067
Telephone: (310) 651-2997
Facsimile: (424) 253-1101

Attorneys for Receiver
**ROBB EVANS & ASSOCIATES LLC**

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 2:14-cv-01649-RFB-GWF |
| Plaintiff, | **[~~PROPOSED~~] ORDER APPROVING FINAL REPORT AND FINAL ACCOUNTING, FINAL REQUEST FOR APPROVAL AND PAYMENT OF FEES AND EXPENSES OF RECEIVER AND ITS PROFESSIONALS FROM MARCH 1, 2016 THROUGH CLOSING, FOR DISCHARGE AND EXONERATION OF BOND, AND RELATED RELIEF, AND GRANTING RELIEF FROM NOTICE UNDER LOCAL RULE 66-5 IN CONNECTION THEREWITH** |
| v. | |
| HEALTH FORMULAS, LLC, a California limited liability company, also doing business as SIMPLE PURE NUTRITION, et al., | |
| Defendants. | |

The matter of the Motion for Order Approving Final Report and Final Accounting, Final Request for Approval and Payment of Fees and Expenses of Receiver and Its Professionals from March 1, 2016 Through Closing, for Discharge and Exoneration of Bond, and Related Relief and Granting Relief from Notice under Local Rule 66-5 in Connection Therewith ("Wind Up Motion") filed by Robb Evans & Associates LLC ("Receiver"), initially appointed Temporary Receiver

("Receiver") in this action pursuant to the Court's Order Granting Ex Parte Motion for Temporary Restraining Order (#5) and Appointing Receiver (#9) ("Temporary Restraining Order") issued October 9, 2014 (Doc. No. 12) and whose appointment was continued under the Stipulated Preliminary Injunction as to Defendants Chapnick, Smukler & Chapnick, Inc., Brandon Chapnick and Keith Smukler ("Stipulated Preliminary Injunction") issued November 17, 2014 (Doc. No. 61), the Court's Opinion and Order ("Miller Preliminary Injunction") issued May 6, 2015 (Doc. No. 149), and the Stipulated Final Order for Permanent Injunction as to Defendants Jason Miller, Danelle Miller, 458 Media LLC; Alpha Brands, LLC; Barrel Roll, LLC; Blue Stella, LLC; Brilliant Skin LLC; BSC Marketing, LLC; Cherry Hill Marketing, LLC; CSA Ventures, LLC; Diet Concepts, LLC; Discount Provisions L.L.C.; DJD Distribution, LLC; Extamax, LLC; F12 Media LLC; Flex Formulas, LLC; GCB Marketing LLC; Health Formulas, LLC; Health Products Direct LLC; KMS Marketing LLC; Longhorn Marketing, LLC; Luminous Skin LLC; MDCC, LLC; Men's Health Formulas, LLC; Metabolic Labs, LLC; Method Direct, LLC; Method Films, LLC; Miracle Male, LLC; Moringa Marketing LLC; Natural Products Direct LLC; Northbound Marketing LLC; Northern Health Products LLC; Pure and Natural Health Products LLC; Pure and Simple Health Products LLC; Pure Vitamins, LLC; Radiant Skin LLC; Shimmering Skin LLC; Skinny 7 LLC; Tindy Films LLC; Weight Loss Dojo, LLC; Wellness Labs, LLC; Wellness Products, LLC; VIP Savings, LLC; and Yacon Marketing LLC filed July 12, 2016 (Doc. No. 205) ("Miller Final Judgment"), came on regularly for determination before the Honorable Richard F. Boulware, II, United States District Judge presiding. The Court, having reviewed and considered the Wind Up Motion and all pleadings and papers filed in support thereof, the Receiver's Final Report and Final Accounting, and the Notice of Filing of Receiver's Final Report and Final Accounting as to Miller Receivership Entities and Opportunity to Object ("Report Notice"), and any response, opposition or objection thereto, and good cause appearing therefor,

IT IS ORDERED that:

1. The Wind Up Motion and all relief sought therein is granted;

2. Without limiting the generality of the foregoing:

A.     The Receiver's Final Report and Final Accounting as it concerns the Miller Receivership Entities[1], copies of which are attached collectively as Exhibit 1 to the Declaration of Brick Kane filed in support of the Wind Up Motion and as Exhibit 1 to the Report Notice on file with the Court, are hereby approved;

B.     The Receiver is authorized to wind up the receivership estate created under the Stipulated Preliminary Injunction concerning the Miller Receivership Entities;

C.     All actions and activities taken by or on behalf of the Receiver and all payments made by the Receiver in connection with the administration of the receivership estate as they concern the Miller Receivership Entities are hereby approved and confirmed;

D.     The Court hereby approves and authorizes payment of all actual fees and expenses incurred by the Receiver related to the Miller Receivership Entities for the period from March 1, 2016 through the closing of the Miller Receivership Entities receivership estate, estimated to be in the total sum of $240,454.92 to be paid from assets of the Miller Receivership Entities, including (1) for the services by the Receiver and the Receiver's professionals from March 1, 2016 through and including December 31, 2016 (a) fees of $30,588.95 and costs of $42,782.24 incurred by the Receiver during that period, including costs of $41,550.05 incurred for the services of the Receiver's outside accountant Squar Milner LLP ("Squar Milner") which prepare tax returns and receivership tax returns, and (b) fees of $25,367.25 and costs of $171.60 for attorneys' fees and expenses for the services of the Receiver's counsel Dentons US LLP, (c) fees of $42,533.30 and costs of $825.41 for the services of the Receiver's lead counsel Diamond McCarthy LLP, (d) fees of $525.00 and costs of $642.48 for attorneys' fees and expenses for the services of the Receiver's Nevada counsel Kolesar & Leatham, Chtd. ("Kolesar Firm");  and (2) a reserve for estimated fees and expenses of the Receiver and its professionals incurred from January 1, 2017 through the closing of the Miller Receivership Entities estate, comprised of (a) estimated Receiver fees of

---

[1]  The Miller Receivership Entities include 36 entities involved in the personal care products business, comprised of 18 sales entities, two support entities and 16 entities with merchant credit card processing relationships identified on the first page of Tab 1 to the Receiver's Report filed November 12, 2014, along with Method Films, Inc.

$16,519.75 and estimated costs of $57,498.94, including estimated accountant fees of $54,400 for the services of Squar Milner for the preparation of 2016 final tax returns for the Miller Receivership Entities and tax returns for the receivership estate for 2016 and 2017, (b) estimated Receiver attorneys' fees of $20,000 and legal expenses of $1,500 anticipated to be incurred to Diamond McCarthy, and (c) estimated attorneys' fees of $750 and costs of $750 anticipated to the Kolesar Firm, all as set forth in the Final Accounting included in Exhibit 1 to the Declaration of Brick Kane;

E.       The Receiver is authorized to make payment from the Miller Receivership Entities funds on hand after payment of receivership expenses, including all administrative expenses ("Net Funds on Hand"), the allowed claims of the local, state and federal taxing agencies identified on the Tax Claims Schedule, Tab 2 of the Receiver's Final Report attached as Exhibit 1 to the Declaration of Brick Kane, in the amounts set forth on the Tax Claims Schedule, prior to turn over of the remaining assets of the Miller Receivership Entities estate to plaintiff Federal Trade Commission ("FTC");

F.       The Receiver is authorized to distribute the remaining assets of the receivership estate held by the Receiver after payment of receivership expenses, including administrative expenses, and after payment of the taxing agencies as set forth in the Tax Claims Schedule, to plaintiff FTC in accordance with Section XIII.D. and E. of the Miller Final Judgment, upon the closing of the receivership;

G.       The Receiver is authorized to destroy all records of the Miller Receivership Entities in the Receiver's possession or custody within 30 days after the Receiver serves written notice on the FTC of the Receiver's intention to destroy such records, unless the FTC requests possession and custody of such records or another government agency issues a subpoena for such records, in which case the Receiver is authorized to turn over the Miller Receivership Entities' records to the FTC or to the government agency which issued the subpoena;

H.       Effective upon completion of the administration of the Miller Receivership Defendants' receivership estate and distribution of the remaining funds in the Receiver's

possession and custody to the FTC, (1) neither the Receiver nor any agent, employee, member, officer, independent contractor, attorney or representative of the Receiver shall have any liability to any person or entity for any action taken in connection with carrying out the Receiver's administration of the receivership estate, and the exercise of any powers, duties and responsibilities in connection therewith, and (b) the Receiver, its agents, employees, members, officers, independent contractors, attorneys and representatives shall be: (i) discharged; (ii) released from all claims and liabilities arising out of and/or pertaining to the Miller Receivership Entities' receivership; and (iii) relieved of all duties and responsibilities pertaining to the Miller Receivership Entities' receivership;

I. The bond posted by the Receiver in this cases shall be exonerated effective upon completion of the administration of the Miller Receivership Defendants' receivership estate and distribution of the remaining funds in the Receiver's possession and custody to the FTC;

J. Notice of the filing of the Receiver's Final Report and Final Accounting is hereby deemed sufficient based on the Receiver's service of the Report Notice on all parties and all known pre-receivership non-consumer creditors, including taxing agencies, vendor creditors and others identified on the certificate of service of the Report Notice but not on the thousands of potential and as yet unknown consumer creditors of the estate; and

K. Notice of the Wind Up Motion is hereby deemed to be sufficient under Local Civil Rule 66-5 based on the service of the notice of the Wind Up Motion and the Wind Up Motion on all parties and service of the notice of the filing of the Wind Up Motion on all parties and all known non-consumer creditors of the estate concurrent with the filing of the Wind Up Motion with the Court.

Dated:  June 7, 2017.

_____
RICHARD F. BOULWARE, II
United States District Judge